UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HANNAH BELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 1:24-CV-190 SNLJ |
| ) | |
| THE TOWNSEND CORPORATION ) | |
| OF INDIANA, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant The Townsend Corporation of Indiana's motion for leave to file its Corporate Disclosure statement under seal [Doc. 15]. Defendant is now organized as a limited liability company and seeks to keep confidential the members of that LLC.

A "Disclosure Statement may be filed under seal if so ordered by the Court in accordance with Local Rule 13.05 (A)." E.D.Mo. L.R. 2.09. This Court's Local Rules pertaining to filing documents under seal reflect "the right of the public to access material filed with the Court in civil and criminal cases." E.D.Mo. L.R. 13.05(A)(2). "This right of access is not absolute," however, "but requires a weighing of competing interests." *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). "Whether sealing is warranted turns on the relevant facts and circumstances of the particular case." *Intrua Fin. Holdings, LLC v. Keller*, No. 4:23-CV-1187 RLW, 2023 WL

1

7497650, at *1 (E.D. Mo. Nov. 13, 2023) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

Defendant here claims that public disclosure of the Disclosure Statement "would result in the disclosure of confidential information regarding the ownership and organization of" defendant, and such disclosure "could provide a competitive advantage to Defendant's business competitors." [Doc. 15 at ¶ 3.]   Defendant provides no other detail, nor does defendant even cite to authority.   "This Court has held that such conjecture and conclusory statements about potential harm, with nothing more, do not constitute compelling reasons to justify sealing an entity's disclosure statement." *Walton v. Georgian Gardens Healthcare LLC*, No. 4:24 CV 253 CDP, 2024 WL 1636707, at *1 (E.D. Mo. Apr. 16, 2024) (citing *Wilkins v. Tory Burch, LLC*, No. 4:23-CV-422 RLW, 2023 WL 3600084, at *2 (E.D. Mo. May 23, 2023); *Intrua Fin. Holdings, LLC v. Keller*, No. 4:23-CV-1187 RLW, 2023 WL 7497650, at *1 (E.D. Mo. Nov. 13, 2023).   All three of those recent cases involved either plaintiff or defendant LLCs that claimed disclosure of their corporate ownership would cause harm; all three provided explanations that, although more detailed than those offered here, were deemed insufficiently compelling to justify sealing.   For example, the defendant LLC in *Walton* asserted that "disclosing such information exposes them to potential harm, including reputational damage, publicity, invasion of their privacy regarding business investments, and future lawsuits; but they provide no explanation or specific details as to how disclosure puts them at such risk." 2024 WL 1636707 at *1. As observed by the district court in *Darton Archery, LLC v. Bowtech, LLC*, "Corporations and limited partnerships may offer individuals protection

2

from liability, but they do not entitle individuals to anonymity in court proceedings." No. C.A. 23-140-CFC, 2023 WL 27557609, at *1 (D. Del. Apr. 3, 2023) (cited by *Walton*, 2024 WL 1636707, at *1).

"[O]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st. Cir. 2005)) (alteration in *In re Neal*). It does not appear that such compelling reasons exist here.

In the interest of justice, however, this Court will allow defendant the opportunity to provide further briefing to bolster the facts and authority of its argument in favor of protecting member information from disclosure.

Accordingly,

**IT IS HEREBY ORDERED** that, by December 10, 2024, defendant shall file supplemental briefing in accordance with this Memorandum and Order.

Dated this   21st   day of November, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE