UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HANNAH BELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | Case No. 1:24-cv-00190 SNLJ |
| ) | |
| THE TOWNSEND CORPORATION ) | |
| OF INDIANA, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on a motion to dismiss for lack of subject matter jurisdiction filed by defendant The Townsend Corporation of Indiana n/k/a The Townsend Company, LLC.  [Doc. 36].   For the reasons stated below, the motion to dismiss will be granted.[1]

## I.  BACKGROUND

This lawsuit arises out of a motor vehicle crash in Stoddard County, Missouri that resulted in the death of plaintiffs' father.   [Doc. 1 at ¶¶ 6-7].   On June 30, 2022, plaintiffs filed a wrongful death action in the Circuit Court of Stoddard County, Missouri against defendants The Townsend Corporation of Indiana and Christopher James Leroy Tormino.  *See Hannah Bell, et al. v. The Townsend Corporation, et al.*, Circuit Court of Stoddard County, Missouri case no. 22SD-CC00080.   At the time the state court action was filed, The Townsend Corporation of Indiana ("Townsend corporation") existed as a

---

[1] The Court recognizes that the timing of this ruling is unfortunate. Typically, a motion to dismiss for lack of jurisdiction is filed and addressed before a Case Management Order is issued. Here, the motion was filed after the CMO was entered and the deadlines should have been stayed but that did not happen. This issue came to the Court's attention when the parties requested a wrongful death settlement hearing.

corporate entity organized in the State of Indiana with its principal place of business in Indiana. [Doc. 41]. While the case was pending, defendant Tormino moved from Missouri to Florida. [Docs. 41, 48]. Believing all parties were diverse, plaintiffs dismissed the state court action without prejudice on September 17, 2024. [Doc. 41].

On October 15, 2024, plaintiffs filed their lawsuit in this Court. [Doc. 1]. Plaintiffs alleges that jurisdiction is proper in this Court because the matter in controversy exceeds $75,000.00 and the parties are citizens of different states. [*Id.* at ¶ 5]. Specifically, plaintiffs allege that they are citizens of Missouri, defendant Townsend corporation is a citizen of Indiana, and defendant Tormino is a citizen of Florida. [*Id.* at ¶¶ 1, 3, 4].

Defendant Townsend corporation filed its Answer and Disclosure Statement stating that it was now known as The Townsend Company, LLC ("Townsend LLC"), an Indiana limited liability company wholly owned by Townsend Intermediate II, LLC, a Delaware limited liability company. [Docs. 9, 10]. The Townsend Corporation of Indiana n/k/a The Townsend Company, LLC ("defendant Townsend") subsequently filed an Amended Disclosure and a Second Amended Disclosure Statement identifying additional entities and individuals within its ownership structure. [Docs. 15, 16, 19]. Because defendant Townsend had not identified all members of the LLCs in its ownership structure, the Court ordered it to file another Amended Disclosure Statement that accurately and completely lists the citizens of its members. [Doc. 22]. In response, defendant Townsend filed three more Amended Disclosure Statements identifying additional members in each filing. [Docs. 23, 24, 35].

2

On February 13, 2025, defendant Townsend filed its Fifth Amended Disclosure Statement and a Motion to Dismiss for Lack of Subject Matter Jurisdiction alleging an absence of complete diversity. [Docs. 35, 36]. Defendant Townsend identified five trusts with Missouri citizens as the settlors within its ownership structure. [*Id.*]. Additionally, it submitted an Affidavit from the Managing Director, Investor Relations of the Warren Equity Partnership identifying the five Missouri citizens with ownership interest in Townsend LLC. [Doc. 36-1]. Specifically, the Affidavit states:

> [T]he following Missouri citizens were partners of "WEP Fund IV Equity L.P.", an owner/member of WEP Townsend Investment LLC, an owner of The Townsend Corporation of Indiana now known as "The Townsend Company, LLC": the Christine B. Taylor Gift Trust (Andrew C. Taylor - settlor, a Missouri citizen), the Alison Kindle Hogan Family Trust ( Alison Kindle Hogan - settlor, a Missouri citizen), the Carolyn Kindle Betz Family Trust ( Carolyn Kindle Betz - settlor, a Missouri citizen), the JoAnn Taylor Kindle Family Trust ( JoAnn Taylor Kindle - settler, a Missouri citizen), the Patricia A. Taylor Family Trust ( Patricia A. Taylor - settler, a Missouri citizen).

[*Id.*].

During briefing on the motion to dismiss, the parties submitted documents filed with the Missouri Secretary of State [Docs. 41-3, 41-4, 41-5, 41-6] and the Indiana Secretary of State [Docs. 42-1] regarding defendant Townsend.[2] These documents show that Articles of Entity Conversion of The Townsend Corporation into The Townsend Company, LLC was filed with the Indiana Secretary of State on August 4, 2023, and a Certificate of Conversion was issued the same date. [Doc. 42-1]. An Application for

---

[2] The Court may take judicial notice of public records. *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (upholding district court taking judicial notice of financing statements filed with the Minnesota Secretary of State.

3

Certificate of Withdrawal of Foreign Corporation for The Townsend Corporation of Indiana [Doc. 41-3] and an Application for Registration of a Foreign Limited Liability Company for The Townsend Company, LLC were filed with the Missouri Secretary of State on October 26, 2023 [Doc. 41-5].  The Application for Registration of a Foreign Limited Liability Company for The Townsend Company, LLC included a Certificate of Existence for The Townsend Company, LLC issued by the Indiana Secretary of State on October 19, 2023.  [Doc. 41-5 at 3].  On the same date, the Missouri Secretary of State issued a Certificate of Withdrawal for The Townsend Corporation of Indiana [Doc. 41-4] and a Certificate of Registration for The Townsend Company, LLC [Doc. 41-6].

Plaintiffs oppose the motion to dismiss arguing that defendant Townsend 1) admitted that it is a citizen of Indiana and that jurisdiction is proper in this Court in its Answer and 2) is a dissolved corporation and therefore retains its citizenship for purposes of diversity jurisdiction.[3]  [Doc. 41].

After defendant Townsend submitted the Indiana Secretary of State documents showing Townsend corporation was converted under Indiana law to Townsend LLC [Doc. 42], plaintiffs filed two discovery motions [Docs. 43, 46].  In the first discovery motion, plaintiffs seek leave to conduct limited discovery on two issues: 1) the relationship and status of The Townsend Corporation of Indiana, The Townsend Corporation, and The Townsend Company, LLC; and 2) whether The Townsend

---

[3] Plaintiffs rely on Indiana Code § 23-1-45-5(b)(5) which provides: "Dissolution of a corporation does not … prevent commencement of a proceeding by or against the corporation in its corporate name."

4

Corporation of Indiana or Townsend Tree Service Company, LLC employed defendant Tormino at the time of the motor vehicle crash.  [Doc. 43].  In the second discovery motion, plaintiffs again request limited discovery on the issue of whether The Townsend Corporation of Indiana or Townsend Tree Service Company, LLC employed defendant Tormino at the time of the motor vehicle crash and seek leave to amend their Complaint if it is determined that Townsend Tree Service Company, LLC was Tormino's employer. [Doc. 46].

In response to plaintiffs' discovery motions, defendant Townsend voluntarily produced an Affidavit of the Executive Vice President and Chief Legal & Risk Officer for The Townsend Company, LLC stating that, at the time of the motor vehicle crash, Townsend Tree Service Company, LLC was a wholly owned subsidiary of The Townsend Corporation d/b/a The Townsend Corporation of Indiana in the State of Missouri.  [Docs. 49, 49-1].  The affiant further testified regarding the conversion of Townsend corporation to Townsend LLC.  [Doc. 49-1].  Defendant opposed the discovery motions arguing the employer of defendant Tormino has no bearing on the jurisdiction issue.

On May 15, 2025, the parties participated in an Alternative Dispute Resolution Conference and, after the conference, the parties achieved a settlement.  [Docs. 53, 54]. The parties subsequently requested a hearing to approve the wrongful death settlement.

## II. DISCUSSION

"Subject matter jurisdiction refers to the court's power to decide a certain class of cases."  *LeMay v. United States Postal Serv.*, 450 F.3d 797, 799 (8th Cir.2006).  Federal

courts are courts of limited jurisdiction and must dismiss all claims over which they do not have subject matter jurisdiction.  *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).  "[J]urisdiction is a threshold question and must be answered before all other questions."  *Ginters v. Frazier*, 614 F.3d 822, 826 (8th Cir. 2010).  "[J]urisdiction may not be conferred by consent and lack of jurisdiction of the subject matter cannot be waived by the parties or ignored by the court."  *Pacific Nat'l Ins. Co. v. Transport Ins. Co.*, 341 F.2d 514, 516 (8th Cir. 1965).   Nor can jurisdiction be acquired by estoppel.  *Mahoney v. Northwestern Bell Telephone Co.*, 377 F.2d 549, 549 (8th Cir. 1967).  Pursuant to Rule 12(h)(3), "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  A judgment entered in a case where the court lacked jurisdiction is void.  *Bell v. Pulmosan Safety Equipment Corporation*, 906 F.3d 711 (8th Cir. 2018).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be either a "facial" challenge based solely on the pleadings, or a "factual" challenge in which the court considers matters outside the pleadings.  *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).  In a factual challenge, the defendant challenges the factual truthfulness of the plaintiff's allegations, and the Court may consider matters outside the pleadings.  *Osborn v. United States*, 918 F.2d 724, 729-30 (8th Cir. 1990).  When a party challenges subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the party invoking federal jurisdiction, has the burden of proving the requisite amount by a preponderance of the evidence."  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007).

6

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity of citizenship between plaintiffs and defendants.  *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990).   To determine whether diversity jurisdiction exists, the court must look to the parties' citizenship status at the time of the filing of the lawsuit.  *OnePoint Solutions, LLC*, 486 F.3d at 346.   A limited liability company is a citizen of each state in which its members are citizens.  *GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

At the time this lawsuit was filed in this Court, the business entity plaintiffs sued was an LLC.   The records of the Missouri Secretary of State and Indiana Secretary of State clearly establish that The Townsend Corporation is not a dissolved corporation, but instead, was converted into The Townsend Company, LLC.  *See* [Docs. 41-3, 41-4, 41-5, 41-6, 42-1].   As a result, plaintiffs' arguments pertaining to dissolved corporations have no relevance.   The Fifth Amended Disclosure Statement and the motion to dismiss identify five trusts with Missouri citizens as the settlors within the ownership structure of The Townsend Company, LLC.   [Docs. 35, 36].   As a result, there is not complete diversity of citizenship and this Court lacks jurisdiction over this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that defendant The Townsend Corporation of Indiana's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 36] is **GRANTED** and this matter is **DISMISSED** without prejudice to refiling in the appropriate court.   A separate Order of Dismissal will be issued.

**IT IS FURTHER ORDERED** that plaintiffs' discovery motions [Docs. 43, 46] are **TERMINATED as moot**.

**IT IS FINALLY ORDERED** that the hearing scheduled on July 17, 2025 is **CANCELLED**.

**SO ORDERED** this 17th day of June, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE